John C. Holmes, (Cal. State Bar No. 120578)
jholmes@swesq.com
Sean A Topp, (Cal. State Bar No. 217701)
stopp@swesq.com
**STECKBAUER WEINHART, LLP**
333 S. Hope Street, 36th Floor
Los Angeles, California 90071
213.229.2868 – Telephone
213.229.2870 – Facsimile

Attorneys for Defendant UNITED STATES FIRE INSURANCE COMPANY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| BOB CAMPBELL RANCHES, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES FIRE INSURANCE COMPANY, a Delaware Corporation; CRUM AND FORSTER, a New Jersey Corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:15-cv-9118-R-GJS<br><br>[Assigned to Hon. Manuel L. Real]<br><br>DEFENDANT UNITED STATES FIRE INSURANCE COMPANY'S NOTICE OF MOTIONS AND MOTIONS TO DISMISS FOURTH AND FIFTH CLAIMS FOR RELIEF AND TO STRIKE ALLEGATIONS RE PUNITIVE DAMAGES AND A NON-EXISTENT NAMED DEFENDANT; MEMORANDUM OF LAW IN SUPPORT THEREOF<br><br>[*Request for Judicial Notice Filed Concurrently Herewith]*<br><br>Date: January 19, 2016<br>Time: 10:00 a.m.<br>Courtroom: 8<br><br>Complaint Filed: September 30, 2015<br>Case Removed: November 24, 2015 |

STECKBAUER WEINHART, LLP
333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL 213.229.2868 • FAX 213.229.2870

**TO THE PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on January 19, 2016 at 10:00 a.m., or as soon thereafter as counsel may be heard, in Courtroom 8 of the above-entitled court, located at 312 N. Spring Street, Los Angeles, California 90012, Defendant United States Fire Insurance Company ("U.S. Fire") will move this Court for an order dismissing the fourth and fifth claims for relief in the Complaint pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6), as well as striking (i) the punitive damages allegations from the second, third and fourth claims for relief, and (ii) the references to non-existent defendant "Crum and Forster, Inc." throughout the Complaint pursuant to Federal Rules of Civil Procedure, Rule 12(f).[1]

U.S Fire's motions to dismiss and to strike will be based on this notice, the motion to dismiss and motion to strike, below, the memorandum of law attached hereto, such oral and documentary evidence as shall be introduced at the time of the hearing, and all papers and pleadings on file herein.

## MOTION TO DISMISS

U.S. Fire moves to dismiss the fourth and fifth claims for relief in Plaintiff Bob Campbell Ranches, Inc.'s ("BCR") Complaint pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6) on the following grounds:

1. BCR's Fourth Claim for Relief for fraudulent concealment fails to allege facts upon which relief may be granted in that U.S. Fire had no duty to disclose the matters that were allegedly concealed; and

[1] This case has been removed from state court. In the Complaint which was filed in state court, Plaintiff BCR refers to its claims as causes of action. Throughout this motion and accompanying memorandum of law, U.S. Fire refers to BCR's causes of action as claims for relief consistent with federal court nomenclature.

10201.001/108734.1
1
NOTICE OF MOTIONS AND MOTIONS TO DISMISS FOURTH AND FIFTH CLAIMS FOR RELIEF AND TO STRIKE ALLEGATIONS RE PUNITIVE DAMAGES AND A NON-EXISTENT NAMED DEFENDANT

2. BCR's Fifth Claim or Relief for negligence fails to allege facts upon which relief may be granted in that U.S. Fire's claim handling duties were contractual and not subject to an independent tort duty of care.

**MOTION TO STRIKE**

U.S. Fire moves to strike the following portions of BCR's complaint pursuant to Federal Rules of Civil Procedure, Rule 12(f) on the following grounds:

1. The punitive damages allegations in BCR's Second and Third Claims for Relief (**Complaint**, ¶s 32 and 39) are "immaterial" and "impertinent" under Rule 12(f) in that they are contract claims on which no punitive damages may be awarded;

2. The punitive damages allegation in BCR's Fourth Claim for Relief for fraudulent concealment (**Complaint**, ¶ 47) is "immaterial" and "impertinent" under Rule 12(f) in that U.S. Fire had no duty to disclose the matters that were allegedly concealed and, in the absence of a duty of disclosure, the non-disclosure cannot be characterized as conduct that satisfies any of the "oppression, fraud, or malice" prerequisites for an award of punitive damages; and

3. The reference to non-existent named defendant "Crum and Forster, Inc." in the caption of BCR's Complaint, the entirety of paragraph 3 of the Complaint which alleges the existence and residency of non-existent named defendant "Crum and Forster, Inc.", and the reference to non-existent named defendant "Crum and Forster, Inc." in paragraph 20 of the Complaint.

These motions to dismiss and to strike are made after compliance with Central District Local Rule 7-3, which took place on November 23, 2015.

STECKBAUER WEINHART, LLP
333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL 213.229.2868 • FAX 213.229.2870

10201.001/108734.1
2
NOTICE OF MOTIONS AND MOTIONS TO DISMISS FOURTH AND FIFTH CLAIMS FOR RELIEF AND TO STRIKE ALLEGATIONS RE PUNITIVE DAMAGES AND A NON-EXISTENT NAMED DEFENDANT

Dated: December 1, 2015

**STECKBAUER WEINHART, LLP**

By: /s/ Johm C. Holmes
John C. Holmes
Attorneys for Defendant UNITED STATES FIRE INSURANCE COMPANY

STECKBAUER WEINHART, LLP
333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL 213.229.2868 • FAX 213.229.2870

STECKBAUER WEINHART, LLP
333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL 213.229.2868 • FAX 213.229.2870

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF LAW ..... 1

1. INTRODUCTION ..... 1

2. BACKGROUND ..... 2

   A. Plaintiff's General Allegations ..... 2

   B. How Claims Impact Premiums ..... 4

3. APPLICABLE MOTION STANDARDS ..... 7

   A. The Rule 12(b)(6) Standard for Dismissing Claims ..... 7

   B. The Rule 12(f) Standard for Striking Material from the Complaint ..... 8

4. BCR'S FOURTH AND FIFTH CLAIMS FOR RELIEF ARE DEFECTIVE BECAUSE THEY ARE PREMISED ON THE BREACH OF NON-EXISTENT DUTIES ..... 9

   A. BCR's Fourth Claim for Fraudulent Concealment Should be Dismissed Because U.S. Fire had no Duty to Disclose the Matters that BCR alleges were Concealed ..... 9

      1. Prior to Entering Into an Insurance Contract, U.S. Fire Owed BCR No Duty of Disclosure ..... 10

      2. Even as BCR's Insurer, U.S. Fire had No Duty to Disclose the Matters that were Allegedly Concealed ..... 11

   B. BCR's Fifth Claim Should be Dismissed Because an Insurer's Mishandling of Claims Cannot Constitute Negligence ..... 13

5. BCR'S PUNITIVE DAMAGES ALLEGATIONS SHOULD BE STRICKEN FROM THE SECOND AND THIRD CLAIMS FOR RELIEF BECAUSE THEY ARE CONTRACT CLAIMS ON WHICH PUNITIVE DAMAGES MAY NOT BE AWARDED ..... 15

6. THE PUNITIVE DAMAGES ALLEGATION SHOULD BE STRICKEN FROM THE FOURTH CLAIM FOR RELIEF BECAUSE THE ABSENCE OF A DUTY TO DISCLOSE RENDERS ANY NON-DISCLOSURE INSUFFICIENT TO WARRANT PUNITIVE DAMAGES ..... 16

7. BCR HAS NAMED A NON-EXISTENT ENTITY AS A DEFENDANT IN THIS CASE AND ALL REFERENCES TO THAT ENTITY SHOULD BE STRICKEN FROM THE COMPLAINT ..... 19

8. CONCLUSION ........................................................................................ 20

STECKBAUER WEINHART, LLP
333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL 213.229.2868 • FAX 213.229.2870

10201.001/108734.1
ii
MEM. OF LAW IN SUPPORT OF MOTIONS TO DISMISS FOURTH AND FIFTH CLAIMS FOR RELIEF AND/OR TO STRIKE SPECIFIED ALLEGATIONS RE PUNITIVE DAMAGES AND NON-EXISTENT DEFENDANT

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Adelman v. Associated International Ins. Co.* 90 Cal. App. 4th 352, 356 (2001) ........ 14

*Almon v. State Farm Fire & Casualty Co.* 724 F. Supp. 765, 766 (S.D. Cal. 1989) ........ 12

*Ann M. v. Pacific Plaza Shopping Center* 6 Cal. 4th 666, 673 (1993) ........ 13

*Applied Equipment Corp. v. Litton Saudi Arabia Ltd.* 7 Cal. 4th 502, 516 (1994) ........ 15

*Benavides v. State Farm General Ins. Co.* 136 Cal. App. 4th 1241, 1250-51, 1253 (2006) ........ 13

*Bennett v. Allstate Ins. Co.* 753 F. Supp. 299, 302 (N.D. Cal. 1990) ........ 12

*California Service Station Assn. v. American Home Assurance Co.* 62 Cal.App.4th 1166, 1173 (1998) ........ 10, 17

*Centennial Ins. Co. v. United States Fire Ins. Co.* 88 Cal. App. 4th 105, 115 (2001) ........ 13

*Conley v. Gibson* 355 U.S. 41, 45-46 (1957) ........ 7

*Crogan v. Metz* 47 Cal. 2d 398, 405 (1956) ........ 15

*Erlich v. Menezes* 21 Cal. 4th 543, 553-554 (1999) ........ 14

*Fantasy, Inc. v. Fogerty* 984 F.2d 1524, 1527 (9th Cir. 1993) ........ 8

*Frazier v. Metropolitan Life Ins. Co.* 169 Cal.App.3d 90, 101 (1985) ........ 16

*Gibson v. Government Employees Ins. Co.* 162 Cal. App. 3d 441, 448 (1984) ........ 10

*Goodman v. Kennedy* 18 Cal.3d 335, 346 (1976) ........ 9

*Haigler v. Donnelly* 18 Cal.2d 674, 680 (1941) ........ 15

STECKBAUER WEINHART, LLP
333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL 213.229.2868 • FAX 213.229.2870

*Hassard v. Bonnington, Roger & Huber v. Home Ins. Co.*
740 F. Supp. 789, 791 (S.D. Cal. 1990) ................................................................ 12

*Henry v. Associated Indemnity Corp.*
217 Cal. App. 3d 1405, 1418-19 (1990) ................................................................ 12

*Hydro-Mill Co., Inc. v. Hayward, Tilton & Rolapp Ins. Associates, Inc.*
115 Cal. App. 4th 1145, 1158 (2004)................................................................ 12

*In re 2TheMart.com, Inc. Securities Litigation*
114 F.Supp.2d 955, 965 (C.D. Cal. 2000)................................................................ 8

*Lance Camper Mfg. Corp. v. Republic Indemnity Co.*
90 Cal. App. 4th 1151, 1155 (2001)................................................................ 7

*LiMandri v. Judkins*
52 Cal.App.4th 326, 336 (1997)................................................................ 9, 11

*Lipton v. Superior Court*
48 Cal.App.4th 1599 (1996)................................................................ 6

*Love v. Fire Ins. Exchange*
221 Cal. App. 3d 1136, 1148 (1990)................................................................ 12

*Lovejoy v. AT&T Corp.*
119 Cal. App. 4th 151, 158 (2004)................................................................ 9, 11, 17

*Mock v. Michigan Millers Mut. Ins. Co.*
4 Cal. App. 4th 306, 331 (1992)................................................................ 18

*Moore v. City of Costa Mesa*
886 F.2d 260, 262 (9th Cir. 1989)................................................................ 7

*Morris v. Paul Revere Life Ins. Co.*
109 Cal. App. 4th 966, 973 (2003)................................................................ 12

*Myers Building Industries, Ltd. v. Interface Technology, Inc.*
13 Cal.App.4th 949, 959 (1993)................................................................ 15

*New Hampshire Co. v. Foxfire*
820 F. Supp. 489, 494 (N.D. Cal. 1993) ................................................................ 12

*Pastoria v. Nationwide Ins.*
112 Cal.App.4th 1490, 1499 (2003)................................................................ 9, 11

*Robinson Helicopter Co., Inc. v. Dana Corp.*
34 Cal. 4th 979, 989 (2004)................................................................ 14

*Sanchez v. Lindsey Morden Claims Services, Inc.*
72 Cal. App. 4th 249, 254 (1999)................................................................ 13

*Solomon v. North Am. Life & Cas. Ins. Co.*
151 F.3d 1132, 1138 (9th Cir. 1998)................................................................ 12

STECKBAUER WEINHART, LLP
333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL 213.229.2868 • FAX 213.229.2870

10201.001/108734.1

iv

MEM. OF LAW IN SUPPORT OF MOTIONS TO DISMISS FOURTH AND FIFTH CLAIMS FOR RELIEF AND/OR TO STRIKE SPECIFIED ALLEGATIONS RE PUNITIVE DAMAGES AND NON-EXISTENT DEFENDANT

*Tomaselli v. Transamerica Ins. Co.*
25 Cal. App. 4th 1269, 1287 (1994) .......... 18

*Tran v. Farmers Group, Inc.*
104 Cal.App.4th 1202, 1212 (2002) .......... 12

*Vu v. Prudential Property & Casualty Ins. Co.*
26 Cal. 4th 1142, 1150-51 (2001) .......... 12, 17

*Whittlestone, Inc. v. Handi-Craft Co.*
618 F.3d 970, 973 (9th Cir. 2010) .......... 8, 15, 17

*Wyler Summit Partnership v. Turner Broadcasting Systems, Inc.*
135 F.3d 658, 661 (9th Cir. 1998) .......... 7

**STATUTES**

10 California Code of Regulations § 2353.1 .......... 5

Cal. Ins. Code § 923.5 .......... 7

California Business and Professions Code § 17200 .......... 4

California Civil Code § 3294(a) .......... 15, 17, 18

**TREATISES**

5 Witkin, Summary 10th (2005) Torts, § 794, p. 1149 .......... 9, 11

5A Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1382, at 706-07 (1990) .......... 8

Croskey, et al., *Cal. Practice Guide: Insurance Litigation* (The Rutter Group 2009) ¶ 11:146 .......... 12

STECKBAUER WEINHART, LLP
333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL 213.229.2868 • FAX 213.229.2870

10201.001/108734.1

v

MEM. OF LAW IN SUPPORT OF MOTIONS TO DISMISS FOURTH AND FIFTH CLAIMS FOR RELIEF AND/OR TO STRIKE SPECIFIED ALLEGATIONS RE PUNITIVE DAMAGES AND NON-EXISTENT DEFENDANT

STECKBAUER WEINHART, LLP
333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL 213.229.2868 • FAX 213.229.2870

# MEMORANDUM OF LAW

## 1. INTRODUCTION

This is an unusual insurance case – instead of alleging that its insurer denied or underpaid claims, the insured alleges that its insurer *overpaid* claims. Specifically, Bob Campbell Ranches, Inc. ("BCR") has sued its workers' compensation insurance company, United States Fire Insurance Company ("U.S. Fire"), for allegedly setting aside too much money to make future payments to its injured workers and, ultimately, paying too much money to those injured workers.

BCR contends that U.S Fire over-reserved and overpaid claims so that it could charge BCR higher premiums. However, under California's workers' compensation rating laws, claim payments under one policy do not begin to affect an insured's premiums until two policy years later. No insurer would set out to overpay claims in the hope of increasing the insured's premiums two years later because the excess claim payments may not translate into an equivalent amount of increased premiums and there is nothing to prevent the insured from switching insurers so that the subsequent higher premiums are paid to a different insurer.

BCR's Fourth Claim for Relief for fraudulent concealment should be dismissed because, under California law, one party to a transaction has no duty to disclose material facts to the other in the absence of a fiduciary relationship between the parties. Under California law, insurers are not fiduciaries to insureds and, therefore, U.S. Fire had no duty to disclose the matters that were allegedly concealed. In the absence of such a duty, there can be no fraudulent concealment.

BCR's Fifth Claim for Relief for negligence should be dismissed because it is based on U.S. Fire's alleged mishandling of claims and, although an insurer's mishandling of claims can constitute a breach of contract and, under some circumstances, bad faith, mishandling claims cannot constitute negligence.

/ / /

10201.001/108734.1

1

MEM. OF LAW IN SUPPORT OF MOTIONS TO DISMISS FOURTH AND FIFTH CLAIMS FOR RELIEF AND/OR TO STRIKE SPECIFIED ALLEGATIONS RE PUNITIVE DAMAGES AND NON-EXISTENT DEFENDANT

BCR has requested punitive damages in it Second, Third and Fourth Claims for Relief. The Second and Third Claims for Relief sound in contract and, under California law, punitive damages cannot be awarded on contract claims. Thus, the punitive damages allegations at Paragraphs 32 and 39 of the complaint should be stricken. The Fourth Claim for Relief is for fraudulent concealment. However, U.S. Fire had no duty to disclose the allegedly concealed matters. In the absence of a duty of disclosure, the non-disclosure cannot be characterized as conduct that satisfies any of the "oppression, fraud, or malice" prerequisites for an award of punitive damages. Therefore, the punitive damages allegation in Paragraph 47 of the complaint should be stricken.

Finally, BCR has named as a defendant in this case "Crum and Forster, Inc." which is an entity that has not existed since 1993. Accordingly, that entity did not exist at any time relevant to BCR's purchase of workers' compensation insurance policies from U.S. Fire in April 2011 and April 2012. Because the non-existent "Crum and Forster, Inc." could not have been involved in BCR's purchase of the policies, all references to it should be stricken from the complaint as "immaterial" and/or "impertinent."

## 2. **<u>BACKGROUND</u>**

### A. **<u>Plaintiff's General Allegations</u>**

The bases for all of BCR's claims are two workers' compensation insurance policies (the "Policies"), which are attached as Exhibits A and B to the Complaint. An examination of the Policies demonstrates that U.S. Fire is the only entity that contracted with BCR and is liable on the policies. However, in addition to U.S. Fire, BCR has purported to name "Crum and Forster, Inc." as a defendant. Yet, the Policies reveal that "Crum and Forster, Inc." is not a contracting party. Fundamentally, *no such entity exists*. *See* United States Fire Insurance Company's Request for Judicial Notice in Support of Motion to Strike, Exh. "A" at pp. 3, 4, 6-8.

STECKBAUER WEINHART, LLP
333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL 213.229.2868 • FAX 213.229.2870

10201.001/108734.1
2
MEM. OF LAW IN SUPPORT OF MOTIONS TO DISMISS FOURTH AND FIFTH CLAIMS FOR RELIEF AND/OR TO STRIKE SPECIFIED ALLEGATIONS RE PUNITIVE DAMAGES AND NON-EXISTENT DEFENDANT

STECKBAUER WEINHART, LLP
333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL 213.229.2868 • FAX 213.229.2870

BCR alleges that it purchased the two Policies and that one was in effect from April 1, 2011 to April 1, 2012, and one was in effect from April 1, 2012 to April 1, 2013. **Complaint**¸ ¶s 9 and 10. An unspecified number of unidentified claims are alleged to have been made under these policies by BCR's injured workers. **Complaint**¸ ¶ 11. "Defendants" are alleged to have mishandled these claims in a laundry list of ways. **Complaint**¸ ¶ 13.

The alleged claim mishandling includes, among other things, failing to (i) "evaluate claims", (ii) "identify fraudulent claims", (iii) "minimize litigated claims", (iv) "retain competent … adjusters, experts, and legal counsel", (v) "monitor the status of claims", (vi) "properly investigate and resolve claims", (vii) "paying medical bills unrelated to employee workers' compensation claims", (viii) failing to timely deny claims. **Complaint**¸ ¶ 13, subparagraphs a), c), f). g), h), j)-l), x), and y), respectively.

Although BCR does not explicitly allege that the claim mishandling resulted in the overpayment of claims, BCR does allege that it resulted in its Experience Modifier ("Ex Mod") being increased. **Complaint**¸ ¶s 16, 18, 20. As explained below, an Ex Mod is calculated for each employer in California by the California Workers' Compensation Insurance Rating Bureau ("WCIRB"), which is an agent of the California Insurance Commissioner. Each employer's Ex Mod is intended to reflect the riskiness of its operations in terms of workers' compensation claim costs. The Ex Mod is applied to the employer's workers' compensation insurance rate to either raise or lower its premiums. An Ex Mod increases and raises an employer's premiums after that employer's claim costs increase. Thus, by alleging that "Defendants'" claim mishandling wrongfully increased its Ex Mod, BCR is necessarily alleging that the claim mishandling resulted in overpayment of claims. Notably, BCR nowhere alleges that U.S. Fire failed to defend and indemnify it against any claim.

In addition, "Defendants" are alleged to have set inaccurate reserves for the claims by BCR's injured workers. Allegedly they did so by, among other things, (i) failing to monitor reserves, (ii) failing to properly adjust reserves, (iii) inaccurately stating reserves, and (iv) setting reserves at an inflated level. **Complaint**¸ ¶ 13, subparagraphs d), e), q), v), and w).

BCR alleges that the mishandling of claims and reserves resulted in an increase in its Ex Mod and, hence, premiums. **Complaint**¸ ¶s 16, 18.

Based on the foregoing alleged misconduct, BCR asserts causes of action for tortious bad faith, contractual bad faith, breach of contract, fraudulent concealment, negligence, and unfair competition under California's Unfair Competition Law ("UCL"). *See*, California Business and Professions Code § 17200, *et seq*.

**B. <u>How Claims Impact Premiums</u>**[2]

Since 1995, California allows each workers' compensation insurance company to set its own rates as long as they are filed with the Department of Insurance, and not disapproved as being too low. Jobs in California are divided into risk classes so that, for example, clerical workers are in a lower or less risky class than roofers. Different rates apply to the different classes and reflect the riskiness of jobs within each class.

In general, workers' compensation insurance premiums are calculated by multiplying the amount of the employer's payroll for each risk class of its employees by the rate applicable to each class of worker used by that employer. This is sometimes referred to as the "Basic Premium". To determine the final

---

[2] The information in the following subsection of this Memorandum of Law is not alleged in BCR, Inc.'s Complaint and is not relied upon as a basis for the dismissal of BCR, Inc.'s fourth and fifth claims for relief or for striking the punitive damages allegations in Paragraphs 32, 39 and 47 of the Complaint or the references to non-existent named defendant "Crum and Forster, Inc." in the caption and Paragraphs 3 and 20 of the Complaint. Rather, it is provided in order to provide context for BCR's allegations and for U.S. Fire's arguments below.

STECKBAUER WEINHART, LLP
333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL 213.229.2868 • FAX 213.229.2870

premium, the Basic Premium may be multiplied by various factors included in the insurer's rate filing, including a merit rating modifier and a premium discount. The insurer is also required to apply the Ex Mod calculated by the WCIRB for each employer to that employer's final premium.

The Ex Mod is a multiplier that is used to adjust the Basic Premium to reflect the particular employer's own claims experience. An Ex Mod of less than 100% reflects a better than average claims history and reduces the premium an employer pays below the Basic Premium. An Ex Mod of more than 100% reflects worse than average claims history and increases the employer's premium.

The rules for calculating Ex Mods are set forth in the California Workers' Compensation Experience Rating Plan, which is set forth in Title 10, California Code of Regulations, Section§ 2353.1. The Workers' Compensation Experience Rating Plan is administered by the WCIRB -- the California Insurance Commissioner's designated statistical agent. The WCIRB is the sole entity responsible for calculating an employer's Ex Mod. A workers' compensation insurer simply reports its insured employers' claim costs and payroll information to the WCIRB, which in turn calculates the Ex Mod that will be used to calculate the employers' future premiums.

Because the claim costs associated with a workplace injury increase over time as the injured worker is treated and rehabilitated, the Ex Mod calculation uses data from policy periods that are two or more years in the past. More specifically, the Ex Mod calculation considers an employer's claim cost experience from policy periods that incepted during the "Experience Modification Rating Period." The "Experience Modification Rating Period" is a three-year period that begins four years and nine months and ends one year and nine months prior to the inception of the current policy to which the Ex Mod will apply. *See,* 10 California Code of Regulations, § 2353.1, Section III. The WCIRB calculates a new Ex Mod for each employer for

STECKBAUER WEINHART, LLP
333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL 213.229.2868 • FAX 213.229.2870

each new policy period.

An employer's Ex Mod is a percentage derived by dividing its actual incurred losses over a three year period by actuarially expected losses for that same period. The expected losses are based on the exposure represented by the employer's payroll and the WCIRB's expected loss rate for payroll in that same industry. In this way, an employer's loss experience essentially is compared to the loss experience of actuarially similar employers in the same industry. Thus, in general, if an employer has fewer claims than expected, it will have an experience modification below 100%, and will pay less in premiums than an employer who has more claims than expected. The experience modification provides an economic incentive for employers to maintain a safe working environment.

In order for the WCIRB to calculate the experience modification for employers, each insurer submits reports to the WCIRB at regular intervals concerning incurred losses, payroll and premium information. The WCIRB uses this information to determine advisory rates, expected loss rates, and to calculate each insured's Ex Mod. These reports are first made six months after the end of the policy and then each year thereafter. Thus, the incurred losses for a given policy year will affect premium for the last three years of the four years after the policy ends. So, for example, the losses for claims made during the 2011 policy year can only be used in experience modifications for the 2013, 2014 and 2015 policy years.

The incurred loss portion of each insurer's statistical report to the WCIRB essentially represents a "snapshot" of the claims as of the valuation dates. An incurred loss includes: (1) actual losses paid to-date, and (2) estimated future loss reserves. "Loss reserves . . . represent the amount anticipated to be sufficient to pay all obligations for which the insurer may be responsible under the policy with respect to a particular claim." *Lipton v. Superior Court*, 48 Cal.App.4th 1599 (1996) ("The main purpose of a loss reserve is to comply with statutory

STECKBAUER WEINHART, LLP
333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL 213.229.2868 • FAX 213.229.2870

requirements [Cal. Ins. Code § 923.5] and to reflect, as accurately as possible, the insured's *potential* liability.") "[A] particular reserve amount may be substantially more or less than the amount ultimately paid on a particular claim." *Id.* Accordingly, when reporting reserves to the WCIRB for use in calculating experience modifications, an insurer must report the full amount that it paid on each claim as of the date of the report plus an estimate of its potential future liability based only on information known to it as of date of the report. For this reason, there is not a particular reserve amount that is appropriate but, rather, there is "an acceptable range of reserves a carrier ... [can] set without incurring liability." *Lance Camper Mfg. Corp. v. Republic Indemnity Co.*, 90 Cal. App. 4th 1151, 1155 (2001).

### 3. <u>APPLICABLE MOTION STANDARDS</u>

#### A. <u>The Rule 12(b)(6) Standard for Dismissing Claims</u>

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. In reviewing a motion to dismiss for failure to state a claim, the allegations of the complaint are accepted as true. *See, Wyler Summit Partnership v. Turner Broadcasting Systems, Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). Dismissal under Rule 12(b)(6) is proper where “it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Moore v. City of Costa Mesa*, 886 F.2d 260, 262 (9th Cir. 1989). BCR’s fourth and fifth claims for relief are fatally defective.

As to BCR’s fourth claim for relief for fraudulent concealment, U.S. Fire did not have a duty to disclose the matters which BCR alleges were not disclosed. As to BCR’s fifth claim for relief for negligence, BCR does not allege a cognizable duty upon which to base a negligence claim.

/ / /

/ / /

STECKBAUER WEINHART, LLP
333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL 213.229.2868 • FAX 213.229.2870

10201.001/108734.1

7

MEM. OF LAW IN SUPPORT OF MOTIONS TO DISMISS FOURTH AND FIFTH CLAIMS FOR RELIEF AND/OR TO STRIKE SPECIFIED ALLEGATIONS RE PUNITIVE DAMAGES AND NON-EXISTENT DEFENDANT

STECKBAUER WEINHART, LLP
333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL 213.229.2868 • FAX 213.229.2870

### B. The Rule 12(f) Standard for Striking Material from the Complaint

Rule 12(f) authorizes the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010), *quoting Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993).

Under Rule 12(f), an "immaterial matter" is one that "has no essential or important relationship to the claim for relief or the defenses being plead." *Whittlestone*, supra at 974; *quoting* 5A Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1382, at 706-07 (1990). In other words, "'Immaterial' means that the matter has no bearing on the controversy before the court." *In re 2TheMart.com, Inc. Securities Litigation*, 114 F.Supp.2d 955, 965 (C.D. Cal. 2000).

Further, an "impertinent matter" "consists of statements that do not pertain, and are not necessary, to the issues in question." *Whittlestone*, supra at 974. "'Impertinent' has been defined as allegations that are … irrelevant to the issues that arise in the action and which are inadmissible as evidence." *In re 2TheMart.com*, supra at 965.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

STECKBAUER WEINHART, LLP
333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL 213.229.2868 • FAX 213.229.2870

### 4. BCR'S FOURTH AND FIFTH CLAIMS FOR RELIEF ARE DEFECTIVE BECAUSE THEY ARE PREMISED ON THE BREACH OF NON-EXISTENT DUTIES

#### A. BCR's Fourth Claim for Fraudulent Concealment Should be Dismissed Because U.S. Fire had no Duty to Disclose the Matters that BCR alleges were Concealed

The heart of BCR's claim that U.S. Fire fraudulently concealed information is its allegations that "Defendants failed to disclose to Plaintiff Defendants' internal reserving and claims handling policies in order to induce Plaintiff to enter into the Policies" and "[h]ad the information been disclosed, Plaintiff would not have purchased the policies. **Complaint**, ¶s 42 and 45. Despite BCR's allegation that "Plaintiff and Defendants were in the relationship of an insurer-insured" (**Complaint**, ¶ 41), it is clear that the operative non-disclosure occurred before that relationship existed. Plaintiff alleges that the non-disclosure was made to "induce Plaintiff to enter into the Policies." Accordingly, this claim refers to non-disclosures prior to the time the parties entered into the Policies.

When fraud is based on omissions, its validity "depends on allegations that would establish some duty of disclosure on the part of defendant." *Goodman v. Kennedy*, 18 Cal.3d 335, 346 (1976). "The general rule is that even if material facts were known to one party and not the other, the failure to disclose the facts is usually not actionable fraud absent a fiduciary relationship giving rise to a duty to disclose." *Pastoria v. Nationwide Ins.*, 112 Cal.App.4th 1490, 1499 (2003); *Lovejoy v. AT&T Corp.*, 119 Cal. App. 4th 151, 158 (2004)); *LiMandri v. Judkins*, 52 Cal.App.4th 326, 336 (1997); 5 Witkin, Summary 10th (2005) Torts, § 794, p. 1149. Here, U.S. Fire did not owe BCR, Inc. any fiduciary duty and, therefore, had no duty to disclose the matters that BCR, Inc. alleges were concealed.

/ / /

STECKBAUER WEINHART, LLP
333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL 213.229.2868 • FAX 213.229.2870

### 1. Prior to Entering Into an Insurance Contract, U.S. Fire Owed BCR No Duty of Disclosure

In *California Service Station Assn. v. American Home Assurance Co.*, 62 Cal.App.4th 1166, 1173 (1998), the court rejected the notion that "an insurer owes a duty to disclose information about premium pricing to potential policyholders." In that case, the insured negotiated with the insurer to provide dividend-paying workers' compensation policies. During negotiations, the insurer described factors that it used in the past and likely factors it would use in the future to calculate dividends. The insurer did not guarantee or represent that these factors would in fact be used in the future to calculate dividends. Approximately 18 months later, the insured learned that dividends were calculated differently than it expected. The court held that "[n]either the Legislature nor the courts have created a duty of care requiring the disclosure of dividend calculation information during ***arm's-length negotiations*** for insurance contracts." *Id.* at 1173 (emphasis added). The court explained:

> "There is no duty of ordinary care to disclose pricing information during arm's-length contract negotiations. … There is also no special duty in the relationship between an insurer and a *potential* insured. The relationship between an insurer and a prospective insured is not a fiduciary relationship. '[A]n insured person's initial decision to obtain insurance and the corresponding decision of an insurer to offer coverage remain, at the inception of the contract at least, an arm's length transaction to be governed by traditional standards of freedom to contract.'" *Id.* (emphasis added), *citing Gibson v. Government Employees Ins. Co.*, 162 Cal. App. 3d 441, 448 (1984).

In *Gibson*, *supra*, the insured alleged that the insurer violated its fiduciary duty by failing to disclose the potential need for uninsured motorist coverage and the inadequacy of medical payments coverage. The *Gibson* court held that whatever heightened duties might exist between an insurer and its insured did not exist between an insurer and a *prospective* insured. *Gibson, supra,* at 449-450 (emphasis added). Therefore, "an insured person's initial decision to obtain insurance and the corresponding decision of an insurer to offer coverage remain, at the inception of the contract at least, an arm's length transaction to be governed by traditional standards of freedom to contract." *Id.* at 448.

Accordingly, prior to issuance of the first of the Policies, U.S. Fire and BCR had no relationship other than that of two commercial entities negotiating and arms-length contract. As the cases discussed above demonstrate, there was no special duty of disclosure at that time. Accordingly, U.S. Fire cannot be liable for failing to disclose its reserving and claim handling practices.

STECKBAUER WEINHART, LLP
333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL 213.229.2868 • FAX 213.229.2870

**2. Even as BCR's Insurer, U.S. Fire had No Duty to Disclose the Matters that were Allegedly Concealed**

Even if one accepts BCR's allegation in paragraph 41 of the Complaint that BCR and U.S. Fire were in an insurer-insured relationship, that still does not create a duty to disclose the matters that BCR alleges were concealed.

"The general rule is that even if material facts were known to one party and not the other, the failure to disclose the facts is usually not actionable fraud absent a fiduciary relationship giving rise to a duty to disclose." *Pastoria, supra* at 1499; *Lovejoy, supra* at 158); *LiMandri v. Judkins*, 52 Cal.App.4th 326, 336 (1997); 5 Witkin, Summary 10th (2005) Torts, § 794, p. 1149. Here, U.S. Fire did not owe BCR any fiduciary duty and, therefore, had no duty to disclose the matters that BCR alleges were concealed.

/ / /

U.S. Fire had no relationship with BCR other than as BCR's workers' compensation insurer. Under California law, the insurer-insured relationship is not a fiduciary one. *Tran v. Farmers Group, Inc.*, 104 Cal.App.4th 1202, 1212 (2002); *New Hampshire Co. v. Foxfire*, 820 F. Supp. 489, 494 (N.D. Cal. 1993) ("California law does not recognize the existence of a fiduciary duty between an insurer and an insured."); *see also* Croskey, et al., *Cal. Practice Guide: Insurance Litigation* (The Rutter Group 2009) ¶ 11:146. In fact, "every case to squarely address the issue has decided that indeed under California law no fiduciary duty is created between insurers and insureds." *Bennett v. Allstate Ins. Co.*, 753 F. Supp. 299, 302 (N.D. Cal. 1990); *Vu v. Prudential Property & Casualty Ins. Co.*, 26 Cal. 4th 1142, 1150-51 (2001); *Love v. Fire Ins. Exchange*, 221 Cal. App. 3d 1136, 1148 (1990); *Hydro-Mill Co., Inc. v. Hayward, Tilton & Rolapp Ins. Associates, Inc.*, 115 Cal. App. 4th 1145, 1158 (2004) ("Indeed, our Supreme Court has held that an insurer is not a fiduciary"); *Morris v. Paul Revere Life Ins. Co*., 109 Cal. App. 4th 966, 973 (2003); *Henry v. Associated Indemnity Corp*., 217 Cal. App. 3d 1405, 1418-19 (1990); *Solomon v. North Am. Life & Cas. Ins. Co*., 151 F.3d 1132, 1138 (9th Cir. 1998); *Almon v. State Farm Fire & Casualty Co*., 724 F. Supp. 765, 766 (S.D. Cal. 1989) ("'California law does not recognize a cause of action for breach of fiduciary duty between an insured and an insurer because the law does not require the insurer to place the insured's interests before its own."); *Hassard v. Bonnington, Roger & Huber v. Home Ins. Co*., 740 F. Supp. 789, 791 (S.D. Cal. 1990). Because U.S. Fire bore no fiduciary duty to BCR, it had no duty to disclose its reserving and claim handling practices to BCR.

Because U.S. Fire had no duty to disclose its reserving and claim handling policies to BCR, BCR's fraudulent concealment claim should be dismissed.

/ / /

/ / /

STECKBAUER WEINHART, LLP
333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL 213.229.2868 • FAX 213.229.2870

**B. BCR's Fifth Claim Should be Dismissed Because an Insurer's Mishandling of Claims Cannot Constitute Negligence**

An action in negligence requires a showing that the defendant owed the plaintiff a legal duty, that the defendant breached that duty, and that the breach was a proximate or legal cause of injuries suffered by the plaintiff. *Ann M. v. Pacific Plaza Shopping Center*, 6 Cal. 4th 666, 673 (1993). Here, a plain reading of the Complaint and the Policies attached to it as exhibits demonstrates that the only arguable "duty" owed by U.S. Fire to BCR was contractual, *i.e.*, to defend and indemnify BCR in accordance with the Policies' terms. *See e.g., Centennial Ins. Co. v. United States Fire Ins. Co.*, 88 Cal. App. 4th 105, 115 (2001) ("An insurer's obligations to an insured are governed by the contract of insurance between the parties."). No other source of a duty owed by U.S. Fire to BCR is alleged.

Thus, U.S. Fire's claim handling duties to BCR are contractual in nature. U.S Fire could not have had a tort "duty of care" to handle claims other than as required by the Policies' terms. *Centennial Ins. Co., supra*, at 115. Thus, BCR's claim mishandling allegations can at most be read as asserting that U.S. Fire handled claims in a fashion contrary to the Policies' terms. However, while the failure to handle claims in accordance with the Policies' terms may be a breach of contract and, under certain circumstances, bad faith, it cannot be negligence. *See Benavides v. State Farm General Ins. Co.*, 136 Cal. App. 4th 1241, 1250-51, 1253 (2006) ("Negligence is not among the theories of recovery generally available against insurers. Delay or failure to pay policy benefits may be actionable as a breach of contract or bad faith, not negligence."); *Sanchez v. Lindsey Morden Claims Services, Inc.*, 72 Cal. App. 4th 249, 254 (1999) ("Indeed, negligence is not among the theories of recovery generally available against insurers…."). Moreover, an insured can recover in tort against an insurer "for the improper handling of a claim *only*

STECKBAUER WEINHART, LLP
333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL 213.229.2868 • FAX 213.229.2870

upon a showing that the insurer acted in bad faith … such a showing requires something more than simple negligence." *Adelman v. Associated International Ins. Co.*, 90 Cal. App. 4th 352, 356 (2001) (emphasis in original). Here, the alleged wrongful conduct all involves U.S. Fire mishandling claims. Under California law, such misconduct cannot form the basis of a negligence claim.

Moreover, even outside the insurance context, the purported breach of a contract alone does not give rise to a claim for negligence in any event. In establishing this principle, the California Supreme Court has consistently held that "conduct amounting to a breach of contract becomes tortious only when it also violates a duty independent of the contract arising from principles of tort law." *Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979, 989 (2004). In *Robinson Helicopter*, the Supreme Court stated:

> "[A] breach of contract is tortious only when some independent duty arising from tort law is violated. [Citation.] If every negligent breach of a contract gives rise to tort damages the limitation would be meaningless, as would the statutory distinction between tort and contract remedies." *Id.* at 989-990, citing *Erlich v. Menezes*, 21 Cal. 4th 543, 553-554 (1999).

Here, BCR does not allege any conduct by U.S. Fire that would violate any duty arising from tort law independent of whatever contractual duties U.S. Fire would have had under the Policies. Because U.S. Fire's only relationship with BCR is through the Policies, there can be no such independent duty here. Accordingly, because negligence is not an applicable theory of liability, U.S Fire's motion to dismiss BCR's fifth claim for relief for negligence should be dismissed.

/ / /

STECKBAUER WEINHART, LLP
333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL 213.229.2868 • FAX 213.229.2870

### 5. <u>BCR'S PUNITIVE DAMAGES ALLEGATIONS SHOULD BE STRICKEN FROM THE SECOND AND THIRD CLAIMS FOR RELIEF BECAUSE THEY ARE CONTRACT CLAIMS ON WHICH PUNITIVE DAMAGES MAY NOT BE AWARDED</u>

BCR alleges that it is entitled to an award of punitive damages in connection with its Second Claim for Relief for contractual bad faith and Third Claim for Relief for breach of contract. **Complaint**, ¶s 32 and 39. Neither of those claims can support an award of punitive damages as a matter of law. As such, the requests for punitive damages in these claims for relief constitute "immaterial matter" under Rule 12(f) in that they "have no essential important relationship to the claim for relief." *Whittlestone, supra* at 974. Further, they constitute "impertinent matter" under Rule 12(f) in that they do not pertain to and are not necessary to the issues raised in these claims for relief.

California Civil Code Section§ 3294(a) specifies that punitive damages are available "[i]n an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice…." Thus, punitive damages are not available in actions on a contract. "In the absence of an independent tort, punitive damages may not be awarded for breach of contract 'even where the defendant's conduct in breaching the contract was willful, fraudulent, or malicious.'" *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 502, 516 (1994); *Myers Building Industries, Ltd. v. Interface Technology, Inc.*, 13 Cal.App.4th 949, 959 (1993); *see Crogan v. Metz*, 47 Cal. 2d 398, 405 (1956). Simply put, "the law generally does not distinguish between good and bad motives for breaching a contract." *Applied Equipment, supra* at 516. "A defendant's evil intent when it breaches an express contractual duty does not enable the plaintiff to recover exemplary damages unless the breach also constitutes a tort." *Haigler v. Donnelly*, 18 Cal.2d 674, 680 (1941).

STECKBAUER WEINHART, LLP
333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL 213.229.2868 • FAX 213.229.2870

BCR's Third Claim for Relief for breach of contract clearly cannot lead to an award of punitive damages. Nor can BCR's Second Claim for Relief for breach of the implied covenant of good faith and fair dealing ("bad faith"), which is explicitly pleaded sounding in contract. *See* **Complaint** at p. 8. An action for bad faith arising out of an insurance contract sounds in tort or in contract and plaintiff is at liberty to make an election. *Frazier v. Metropolitan Life Ins. Co.*, 169 Cal.App.3d 90, 101 (1985). However, if plaintiff elects to proceed under a contract theory, he is precluded from recovering punitive damages. *Frazier*, *supra* at 105-107. Here, BCR elected to proceed under a contract theory in its Second Claim for Relief and, hence, cannot obtain a punitive damages award on that claim.[3]

Accordingly, BCR's allegations that it is entitled to awards of punitive damages in its Second and Third Claims for Relief (**Complaint**, ¶s 32 and 39) should be stricken.

### 6. THE PUNITIVE DAMAGES ALLEGATION SHOULD BE STRICKEN FROM THE FOURTH CLAIM FOR RELIEF BECAUSE THE ABSENCE OF A DUTY TO DISCLOSE RENDERS ANY NON-DISCLOSURE INSUFFICIENT TO WARRANT PUNITIVE DAMAGES

BCR alleges that it is entitled to an award of punitive damages on its Fourth Claim for Relief for fraudulent concealment. **Complaint**, ¶ 47. However, since U.S. Fire had no duty to disclose the matters that were allegedly concealed, the non-disclosure cannot rise to the level of misconduct required for the imposition of punitive damages. As such, the request for punitive damages in this claim for relief constitutes "immaterial matter" under Rule 12(f) in that it has "no essential

---

[3] BCR separately pleads a claim for bad faith that it designates as sounding in tort in its First Claim for Relief. *See* **Complaint** at p. 7.

STECKBAUER WEINHART, LLP
333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL 213.229.2868 • FAX 213.229.2870

important relationship to the claim for relief." *Whittlestone, supra* at 974. Further, it constitutes "impertinent matter" under Rule 12(f) in that it does not pertain to and is not necessary to the issues raised in this claims for relief.

California Civil Code section 3294(a) requires that a defendant be "guilty of oppression, fraud, or malice" before punitive damages can be awarded. Section 3294(c)(3) defines the "fraud" that can support an award of punitive damages as, in relevant part, "an intentional … concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury." As discussed above in Section 4.A. of this motion, U.S. Fire had no duty to disclose its reserving and claim handling policies to BCR either before or after they entered into the Policies. At neither time was there a fiduciary relationship between the parties that could require such a disclosure. *See California Service Station Assn., supra*, 62 Cal.App.4th at, 1173 (there is "no special duty in the relationship between an insurer and a *potential* insured" and that relationship "is not a fiduciary relationship" so there is no duty to disclose); *Vu v. Prudential Property & Casualty Ins. Co.*, 26 Cal. 4th 1142, 1150-51 (2001) (the insurer-insured relationship is not fiduciary); *Lovejoy v. AT&T Corp.*, 119 Cal. App. 4th 151, 158 (2004) (the failure to disclose material facts is not actionable fraud in the absence a fiduciary relationship giving rise to a duty to disclose). Because U.S. Fire had no duty to disclose its reserving and claim handling policies to BCR, the non-disclosure of those matters cannot be characterized as "an intentional … concealment … with the intention … of thereby" harming BCR. Accordingly, the "fraud" prerequisite to punitive damages is lacking.

In subsection (c)(1), "malice" is defined as "conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others." As discussed in the preceding paragraph, failing to disclose matters which

STECKBAUER WEINHART, LLP
333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL 213.229.2868 • FAX 213.229.2870

STECKBAUER WEINHART, LLP
333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL 213.229.2868 • FAX 213.229.2870

there is no duty to disclose cannot be characterized as intending to cause injury. In addition, it cannot be characterized as "despicable" conduct. Despicable conduct is "conduct which is so vile, base, contemptible, miserable, wretched or loathsome that it would be looked down upon and despised by ordinary decent people. Such conduct has been described as having the character of outrage frequently associated with crime." *Tomaselli v. Transamerica Ins. Co.*, 25 Cal. App. 4th 1269, 1287 (1994). The requirement of despicable conduct is a "substantive limitation on punitive damage awards." *Id.* It imposes a "substantially heavier" burden on the plaintiff. *Mock v. Michigan Millers Mut. Ins. Co.*, 4 Cal. App. 4th 306, 331 (1992). The failure to make a disclosure that the law does not require simply cannot be deemed "vile, base, contemptible, miserable, wretched or loathsome." As such, U.S. Fire's alleged non-disclosure cannot supply the "malice" prerequisite to an award of punitive damages.

Finally, in subsection (c)(3) of Section 3294 "oppression" sufficient to incur punitive damages is defined as "despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights." Again, the requirement of despicable content is a "substantive limitation on punitive damage awards" that requires conduct "so vile, base, contemptible, miserable, wretched or loathsome that it would be looked down upon and despised by ordinary decent people." *Tomaselli, supra* at 1257. The failure to disclose matters that the law does not require to be disclosed cannot come within this standard.

Because U.S. Fire's non-disclosure of matters which it had no duty to disclose cannot be characterized as conduct that satisfies any of the prerequisites for an award of punitive damages, BCR's request in Paragraph 47 of its Complaint for an award of punitive damages should be stricken.

/ / /

/ / /

10201.001/108734.1
18
MEM. OF LAW IN SUPPORT OF MOTIONS TO DISMISS FOURTH AND FIFTH CLAIMS FOR RELIEF AND/OR TO STRIKE SPECIFIED ALLEGATIONS RE PUNITIVE DAMAGES AND NON-EXISTENT DEFENDANT

## 7. BCR HAS NAMED A NON-EXISTENT ENTITY AS A DEFENDANT IN THIS CASE AND ALL REFERENCES TO THAT ENTITY SHOULD BE STRICKEN FROM THE COMPLAINT

As the declarations pages on both of the Policies indicate, the Policies are underwritten by U.S. Fire, which is the contracting party. *See* **Complaint**, Exhibits A and B. BCR nevertheless named "Crum and Forster, Inc." as a defendant in this case. "Crum and Forster, Inc." is not shown on Exhibit A or B as a party to either of the Policies. Indeed, no "Crum and Forster, Inc." has existed since September 1993. Accordingly, that entity did not exist at any time relevant to BCR's purchase of the Policies from U.S. Fire in April 2011 and April 2012. This is demonstrated by the Delaware Secretary of State's records on "Crum and Forster, Inc." which are attached as Exhibit "A" to the concurrently filed "United States Fire Insurance Company's Request for Judicial Notice in Support of Its Motion to Strike ("RJN").

Prior to September 3, 1993, Crum and Forster, Inc. was a New Jersey corporation. On September 3, 1993, Crum and Forster, Inc. was merged into ARB, Inc.[4] ARB, Inc. was the surviving corporation and Crum and Forster, Inc. ceased to exist.[5] Subsequently, ARB, Inc. changed its name to Talegen Holdings, Inc.[6] Accordingly, Crum and Forster, Inc. has not existed since September 3, 1993.

Because a non-existent entity could not have been involved in BCR's purchase of the Policies and cannot appear and participate in this action, all references to it should be stricken from the complaint as "immaterial" and/or "impertinent." Thus: (1) Crum and Forster, Inc.'s name in the caption of the

---

[4] **RJN**, Exhibit "A" at page 3; page 4; page 6, paragraph 1; page 7, paragraph 2.

[5] **RJN**, Exhibit "A" at page 4, paragraphs 3 and 4; page 6, paragraph 1; page 7, paragraph 3; page 8, paragraphs 9 and 10.

[6] **RJN**, Exhibit "A" at pages 12-14.

STECKBAUER WEINHART, LLP
333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL 213.229.2868 • FAX 213.229.2870

Complaint should be stricken; (2) Paragraphs 3 of the Complaint which alleges Crum and Forster, Inc.'s existence and residency should be stricken in its entirety; and (3) the reference to "C&F" in Paragraph 20 of the Complaint should be stricken since BCR defined "C&F" as referring to Crum and Forster, Inc. in Paragraph 3.

## 8. CONCLUSION

For the foregoing reasons, U.S. Fire respectfully requests that the Court **(1)** dismiss BCR's Fourth and Fifth Claims for Relief, **(2)** strike the punitive damages allegations at Paragraphs 32, 39, and 47 in the Second, Third and Fourth Claims for Relief, respectively, and **(3)** strike the references to non-existent named defendant "Crum and Forster, Inc." in the caption and in paragraphs 3 and 20.

Dated: December 1, 2015

**STECKBAUER WEINHART, LLP**

By: /s/ John C. Holmes
John C. Holmes
Attorneys for Defendants UNITED STATES FIRE INSURANCE COMPANY

STECKBAUER WEINHART, LLP
333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL 213.229.2868 • FAX 213.229.2870

10201.001/108734.1

20

MEM. OF LAW IN SUPPORT OF MOTIONS TO DISMISS FOURTH AND FIFTH CLAIMS FOR RELIEF AND/OR TO STRIKE SPECIFIED ALLEGATIONS RE PUNITIVE DAMAGES AND NON-EXISTENT DEFENDANT

STECKBAUER WEINHART, LLP
333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL 213.229.2868 • FAX 213.229.2870

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 333 S. Hope Street, 36th Floor, Los Angeles, CA 90071.

On December 1, 2015, I served true copies of the following document(s) described as **DEFENDANT UNITED STATES FIRE INSURANCE COMPANY'S NOTICE OF MOTIONS AND MOTIONS TO DISMISS FOURTH AND FIFTH CLAIMS FOR RELIEF AND TO STRIKE ALLEGATIONS RE PUNITIVE DAMAGES AND A NON-EXISTENT NAMED DEFENDANT; MEMORANDUM OF LAW IN SUPPORT THEREOF** on the interested parties in this action as follows:

Paul Hart, Esq.
Dennis Lewis, Esq.
MONCRIEF & HART, PC
16 W. Gabilan St.
Salinas, CA 93901
Tel.: (831) 759-0900
Fax: (831) 759-0902
E-mail: PaulHart@MoncriefHart.com
E-mail: Dennis@MoncriefHart.com

Attorneys for Plaintiff, BOB CAMPBELL RANCHES. INC.

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on December 1, 2015, at Los Angeles, California.

/s/ Elizabeth Cervantes
Elizabeth Cervantes

10201.001/108734.1

**MEM. OF LAW IN SUPPORT OF MOTIONS TO DISMISS FOURTH AND FIFTH CLAIMS FOR RELIEF AND/OR TO STRIKE SPECIFIED ALLEGATIONS RE PUNITIVE DAMAGES AND NON-EXISTENT DEFENDANT**