John C. Holmes, (Cal. State Bar No. 120578)
jholmes@swesq.com
Sean A. Topp, (Cal. State Bar No. 217701)
stopp@swesq.com
**STECKBAUER WEINHART, LLP**
333 S. Hope Street, 36th Floor
Los Angeles, California 90071
213.229.2868 - Telephone
213.229.2870 - Facsimile

Attorneys for Defendant UNITED
STATES FIRE INSURANCE
COMPANY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| BOB CAMPBELL RANCHES, INC., a California Corporation, | Case No. 2:15-cv-9118-R-GJS |
| Plaintiff, | **STIPULATION AND PROTECTIVE ORDER** |
| v. | [Assigned to The Hon. Manuel L. Real] |
| UNITED STATES FIRE INSURANCE COMPANY, a Delaware Corporation; CRUM AND FORSTER, a New Jersey Corporation; and DOES 1 through 50, inclusive, | |
| Defendants. | Complaint filed:  September 30, 2015<br>Case Removed:  November 24, 2015 |

In order to protect the privacy of personal information of the Plaintiff and its employees, including without limitation the confidential personal health and medical information of the employees whose worker's compensation claims underlie this action, and the trade secrets, proprietary, financial and other confidential information of the Defendant, expedite the flow of discovery material, facilitate the prompt resolution of discovery disputes and disputes concerning confidentiality, and adequately protect material entitled to be designated and kept confidential, while ensuring that such protection is applied only when appropriate, Plaintiff and Defendant hereby enter into this Stipulation and Protective Order (the "Protective

10201.001/111040.1

1  Order") with respect to documents and information produced and to be produced in

2  the above entitled matter:

3      Plaintiff Bob Campbell Ranches, Inc., a California Corporation ("Plaintiff")

4  and Defendant United States Fire Insurance Company ("Defendant") (Plaintiff and

5  Defendant are referred to collectively as the "Parties" and disjunctively as "Party")

6  hereby stipulate that documents to be produced and information disclosed by the

7  parties or any third parties pursuant to any discovery request, subpoena or

8  deposition notice which responding party deems to be either confidential,

9  proprietary, trade secrets, or subject to the privacy rights of third parties

10 ("Confidential Information"), shall be protected according to the following terms

11 and conditions:

12

13      1.    The Parties shall determine in good faith whether any document

14 produced in this action, discovery response (including any interrogatory responses

15 and responses to request for admission) or deposition testimony, or any part thereof,

16 contains Confidential Information, and will mark or stamp any such document or

17 discovery response with the designation, stamp or legend "Subject to Protective

18 Order" or "Confidential" or "Confidential-Attorney's-Eyes-Only" or, in the case of

19 deposition testimony, indicate on the record that such testimony contains

20 Confidential Information subject to Protective Order and direct the court reporter to

21 mark or stamp the cover of such transcript with the appropriate designation, stamp

22 or legend indicating that it is subject to this Protective Order.  Interrogatory answers,

23 responses to requests for admission, deposition transcripts and exhibits, pleadings,

24 motions, declarations, affidavits, and briefs that quote, summarize, or contain

25 materials entitled to protection may be accorded status as Confidential Information,

26 but, to the extent feasible, shall be prepared in a manner such that the Confidential

27 Information is bound separately from information that is not entitled to protection as

28 Confidential Information.  For purposes of this order, the term Confidential

STECKBAUER WEINHART, LLP
333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL. 213.229.2868 • FAX 213.229.2870

Information as used herein shall include information designated as "Confidential" or "Subject to Protective Order" as well as information designated as "Confidential-Attorney's-Eyes-Only" and is intended only to protect all documents, materials, responses, items, data or information lawfully entitled to confidential treatment under California law, as well as other state and federal laws, including but not limited to: (a) information subject to any Constitutional, statutory or other right of privacy, (b) "medical information" (as defined in Paragraph 4 below), (c) information described or covered by article I, section I of the California Constitution, (d) information described in California Labor Code §3762, (e) proprietary information, (f) trade secrets (as defined in California Civil Code §3426.l(d)), (g) information within the meaning of California Civil Code §1798 et. seq. (the Information Practices Act of 1977), (h) information within the meaning of the Health Insurance Portability and Accountability Act otherwise known as HIPAA, and (i) information within the meaning of Subtitle A of the Graham-Leach-Bliley Act of 1999 (15 U.S.C. §§ 6801, *et seq.*).

2.      Any document, data, information, discovery response or deposition transcript, or any part thereof, designated as containing Confidential Information shall not be used by any other party hereto for any business or commercial purpose or in any other administrative or judicial proceeding, and the use of said document data or information shall be limited to the preparation and trial of the above-entitled action, including discovery, and any and all appeals and/or retrials.

3.      Except as provided by paragraph 4 below, all documents, discovery responses, deposition transcripts or other material designated as containing Confidential Information may be disclosed only to:

(a)      Counsel for the Parties, as evidenced by their appearance in this

STECKBAUER WEINHART, LLP
333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL. 213.229.2868 • FAX 213.229.2870

1  lawsuit, as well as law clerks, legal assistants, secretaries, paralegals, and other

2  persons who are employees of counsel's firm and who are responsible for providing

3  litigation-related services in this matter;

4

5        (b)    Experts and consultants who are not employed by any Party and are

6  formally retained by counsel to consult with, advise or assist counsel in the

7  preparation or trial of this case;

8

9        (c)    Officers, directors and employees of the Parties hereto who are directly

10  involved in this case or who are responsible for assisting counsel in the preparation

11  or trial of this case;

12

13        (d)    Witnesses to whom disclosure is reasonably necessary to prepare for or

14  give testimony at a deposition or at trial;

15

16        (e)    Court personnel, including the judge, court reporters and clerks

17  engaged in proceedings necessary to the preparation for trial or the actual trial of

18  this matter; and

19

20        (f)    Employees of copying or other services engaged to reproduce, scan or

21  store Confidential Information in this case.

22

23        4.    Disclosure of "medical information" and medical records shall be

24  further protected as Confidential Information according to this paragraph.  It is the

25  Parties' and the Court's intention by this Order to protect the privacy rights of third

26  parties to the full extent of any right of privacy, including the right of privacy under

27  article I, section I of the California Constitution, and California Labor Code §3762,

28  and any other applicable state or federal law.  Medical information is subject to the

STECKBAUER WEINHART, LLP
333 S. Hope Street, 36th Floor, Los Angeles, California 90071
Tel. 213.229.2868 • Fax 213.229.2870

1  Constitutional right of privacy and is further protected from disclosure by Labor

2  Code Section 3762, HIPAA, and/or other state or federal laws.

3

4        The term "medical information" shall be construed as that term is used in

5  California Civil Code §56.05, as follows:  "Medical information' means any

6  individually identifiable information, in electronic or physical form, in possession of

7  or derived from a provider of health care or health care service plan regarding a

8  patient's medical history, mental or physical condition, or treatment.  'Individually

9  identifiable' means that the medical information includes or contains any element of

10  personal identifying information sufficient to allow identification of the individual,

11  such as the patient's name, address, electronic mail address, telephone number, or

12  social security number, or other information that, alone or in combination with other

13  publicly available information, reveals the individual's identity."  *California Civil*

14  *Code* §56.05(f).  With respect to "medical information," the Disclosing Party will

15  produce such information pursuant to the terms and requirements of this Protective

16  Order:

17

18        (a)    Within fifteen (15) calendar days after responding to any Requests for

19  Production of Documents under Federal Rules of Civil Procedure, Rule 34 or any

20  other authority for compelling production of documents, testimony or things,

21  counsel for the Disclosing Party must send to each claimant/employee whose

22  medical information is sought, at the employee's present or last known address in

23  the Disclosing Party's file, and to the last known address in the Disclosing Party's

24  file for such claimant/employee's attorney of record in any workers' compensation

25  claim, if any, written notification in the form of the Notice attached hereto as

26  Exhibit B ("Notice").  No other information may be included with the Notice.

27  Plaintiff must cooperate in good faith to the extent needed to facilitate mailing of the

28  Notice.  The Disclosing Party shall file a proof of service with the court attesting to

STECKBAUER WEINHART, LLP
333 S. Hope Street, 36th Floor, Los Angeles, California 90071
Tel. 213.229.2868 • Fax 213.229.2870

1  the mailing of the Notice to such claimant/employees and their counsel within five

2  (5) calendar days of mailing.  Such proof of service of mailing to the last known

3  address for the claimant/employee or to his/her counsel of record (if applicable)

4  shall be deemed fair and adequate notice.

5

6      (b)    The claimant/employee whose medical information is sought shall have

7  15 days to object to production of his/her medical information in this case.  If no

8  objection is made, the Disclosing Party shall produce the entire medical information,

9  subject to sub-section 4(c), (d), (e), below.  If the claimant/employee wishes to

10  object, he/she must notify counsel for the Disclosing Party and file an objection with

11  the court.  The court shall then rule upon the objection.  If the court sustains the

12  objection, the Disclosing Party will be required to redact the medical information to

13  disclose only that information required to be produced pursuant to California Labor

14  Code §3762.

15

16      (c)    Any medical information produced in this case, will be designated

17  "Confidential-Attorney's-Eyes-Only."  Documents designated Confidential-

18  Attorney's-Eyes-Only shall not be disclosed to any representative or employee of

19  Plaintiff, including but not limited to its managers, agents, brokers or employees.

20  All documents, discovery responses, deposition transcripts or other materials

21  designated Confidential-Attorney's-Eyes-Only also shall not be disclosed to any

22  representative or employee of Plaintiff, including but not limited to its managers,

23  agents, brokers or employees, but may be disclosed only to those persons described

24  in paragraph 3(a), (b), (e), and (f).  Upon a showing of good cause, Plaintiff may

25  seek a stipulation from the Disclosing Party, or court intervention, for the disclosure

26  of documents, discovery responses, deposition transcripts or other materials

27  designated Confidential-Attorney's-Eyes-Only to any representative or employee of

28  Plaintiff, including but not limited to its managers, agents, brokers or employees.

STECKBAUER WEINHART, LLP
333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL: 213.229.2868 • FAX 213.229.2870

(d)     If the parties stipulate to the disclosure of information or documents designated Confidential-Attorney's-Eyes-Only to any representative or employee of Plaintiff, including but not limited to its managers, agents, brokers or employees, Plaintiff shall not disclose such information to any representative or employee of Plaintiff until after 15 days of sending notice to each claimant/employee whose medical information disclosure is sought, at the employee's present or last known address, and to the last known address in the Disclosing Party's file for such claimant/employee's attorney of record in any workers' compensation claim, if any, written notification in the form of the Notice attached hereto as Exhibit D ("Notice").  The claimant/employee whose medical information disclosure is sought shall have 15 days to object to the disclosure of his/her medical information to any representative or employee of Plaintiff.

5.     With the exception of court personnel identified in paragraph 3(e), the Parties shall take appropriate measures to ensure that all persons permitted access to such documents under paragraphs 3 and 4 of this Protective Order shall be provided with a copy of this Protective Order and shall agree, prior to reviewing such documents, to be bound by the terms and conditions hereof with respect to the use of such documents by signing the "Certification As To Compliance With Protective Order" attached hereto as Exhibit "A."  An attorney who makes any documents or information designated as containing Confidential Information available to persons described in paragraph 3 subsections (b), (c), (d) or (f) above shall be responsible for having each such person execute an original Exhibit A hereto prior to that person's receipt of such information.

6.     All documents designated as containing Confidential Information shall be kept in a secure location and access to said location shall be permitted only to those designated persons set forth in paragraphs 3 and 4 of this protective order as

STECKBAUER WEINHART, LLP
333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL. 213.229.2868 • FAX 213.229.2870

1  properly having access thereto.

2

3      7.    If, at any time during the pendency of this action, counsel for any Party

4  wishes to challenge another Party's designation of documents or discovery

5  responses as containing Confidential Information, and/or exclude certain

6  information or specific documents from the provisions of this Protective Order, the

7  Party may, within 30 days of the receipt of the information, advise the Disclosing

8  Party of such objections and the reasons therefore, and the Parties must meet and

9  confer on the issue.  If the Parties cannot resolve the issue informally, the Party

10 challenging the designation may proceed by motion before this court.  Further, in

11 the event documents are produced or discovery responses served which contain

12 Confidential Information but which inadvertently were not designated as being

13 subject to this Protective Order or not designated as Confidential-Attorney's-Eyes-

14 Only, either Party may make a motion to designate such document as being

15 protected by this Protective Order or as being Confidential-Attorney's-Eyes-Only,

16 after attempting to meet and confer with the other Parties regarding such

17 designation.  All items in dispute shall be treated as Confidential Information

18 pending a resolution of the dispute.

19

20     8.    If any document or information designated as Confidential or

21 Confidential-Attorney's-Eyes-Only pursuant to this Protective Order, including

22 deposition testimony, is used or given during the course of a deposition herein, that

23 deposition transcript shall be sealed and stamped "Confidential" or "Confidential-

24 Attorney's-Eyes-Only" and access thereto shall be limited pursuant to the other

25 terms of this Protective Order or, if feasible, only that portion of the deposition

26 transcript shall be prepared in such a manner that the Confidential Information is

27 bound separately from information that is not entitled to confidential protection, and

28 that portion of the deposition transcript so designated shall be sealed and stamped

STECKBAUER WEINHART, LLP
333 S. Hope Street, 36th Floor, Los Angeles, California 90071
Tel. 213.229.2868 • Fax 213.229.2870

1  "Confidential" or "Confidential-Attorney's-Eyes-Only" and access thereto shall be

2  limited pursuant to the terms of this Protective Order.

3

4      9.     Notwithstanding the designation of any document as Confidential or

5  Confidential-Attorney's-Eyes-Only pursuant to this Protective Order, counsel for

6  the Parties may make photocopies of documents subject to this Protective Order for

7  internal use and for use as part of filings with the court and during deposition

8  subject to the provisions concerning the filing of documents under seal.

9

10     10.     This Protective Order is intended to facilitate the exchange of records

11  and information in discovery, and governs disclosures to third persons and those

12  persons described in Paragraphs 4 and 5 herein as well as disclosure of records for

13  discovery motions and discovery proceedings, but does not govern the procedure for

14  sealing records as set forth in Federal Rules of Civil Procedure, Rule 5.2, Central

15  District of California Local Rules 5.2-1, 5.2-2, 79-5, 79-6, and 79-7.  Documents or

16  information therein designated Confidential or Confidential-Attorney's-Eyes-Only

17  pursuant to this Protective Order shall be offered as evidence at trial only under

18  appropriate court order protecting its confidentiality unless the confidentiality of

19  such information has been removed by agreement of counsel or by this court in

20  accordance with the provisions of paragraph 7 of this Protective Order.

21

22     11.     Any Confidential Information, including, but not limited to, documents,

23  interrogatory answers, depositions and physical things designated as containing

24  Confidential Information, when filed with the pleadings, law and motion, or as

25  evidence, shall be accompanied by a motion for order sealing the record, pursuant to

26  Federal Rules of Civil Procedure, Rule 5.2, Central District of California Local

27  Rules 5.2-1, 5.2-2, 79-5, 79-6, and 79-7 and the materials containing Confidential

28  Information shall be lodged with the Court conditionally under seal.  In the

STECKBAUER WEINHART, LLP
333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL. 213.229.2868 • FAX 213.229.2870

alternative, the Party filing a document, interrogatory answer, deposition and/or physical thing containing Confidential Information can file such items without seeking an order to seal the record if that Party redacts all Confidential Information from the item(s) in question.

12.     Nothing in this order shall prevent counsel for the Parties from referencing in support of oral or written legal arguments, documents or deposition testimony designated as Confidential pursuant to this Protective Order, provided that such references do not contain quoted material from such Confidential materials, and if such Confidential materials are submitted to the court, such submission is made in accordance and compliance with the other provisions contained in this Protective Order.

13.     The terms of this Protective Order shall apply to all manner and means of discovery, including depositions and the inspection of books, records, documents and physical objects.

14.     Within thirty (30) calendar days following the final termination of this litigation (i.e., after final judgment is entered and all appeal periods have expired or appeals been finally decided, or after dismissal is entered and the time to appeal expires, or after final resolution of the case by settlement), and written notice to the other Parties, the Parties and their counsel shall (i) either destroy or return to the disclosing party all materials which have been designated as containing Confidential Information, and (ii) shall destroy all copies, digests, or summaries which have been made of, or prepared from such Confidential Information, and (iii) shall provide to counsel for the disclosing party a certificate under oath attesting to such destruction or return substantially similar to the "Certification of Destruction Or Return" attached hereto as Exhibit "C".

STECKBAUER WEINHART, LLP
333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL. 213.229.2868 • FAX 213.229.2870

STECKBAUER WEINHART, LLP
333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL. 213.229.2868 • FAX 213.229.2870

15.     Nothing in this Protective Order shall be construed to relieve any Party from the obligation to timely respond to discovery requests, nor shall this Protective Order be construed as a waiver of the right to assert any objection to a discovery request.  Nothing contained in this Protective Order requires a Party to produce any document or information which is privileged, irrelevant, or not otherwise discoverable.  Neither shall the Protective Order be construed so as to prejudice the right of any Party hereto to file and use a designated document in this court in connection with motions, pretrial proceedings, settlement conferences, trial, or any other hearing or proceeding in this matter.  Where deemed appropriate, counsel can further stipulate that a specific document designated hereunder to be filed with the court can be held and maintained under seal.

16.     Nothing in this Protective Order shall be construed as an admission of the relevance or admissibility of any of the material covered by this Protective Order.  By entering into this Protective Order, the Parties do not waive any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

17.     If a Party learns, that by inadvertence or otherwise, it has disclosed documents or materials designated as containing Confidential Information to any person or in any circumstances not authorized hereunder, such Party must immediately (a) notify in writing the producing Party of the unauthorized disclosure, (b) use its best efforts to retrieve all unauthorized copies of the documents or other material containing Confidential Information, (c) inform the person or persons to whom unauthorized disclosures were made of all terms of this Order, and (d) request that such person immediately execute the Exhibit "A" Certification.

18.     If any person subject to this Protective Order who has custody of any

documents or information designated as containing Confidential Information (except the Disclosing Party) receives a subpoena or other process demanding production of such information, the recipient of the subpoena/process shall promptly give notice and a copy of such subpoena/process to the designating Party.  Upon receipt of notice, the Disclosing Party may, in its sole discretion and at its own cost, move to quash or limit the subpoena/process or otherwise oppose production of the Confidential Information.  The Party receiving the subpoena/process shall not produce any documents or material designated as containing Confidential Information until the designating Party has had a reasonable opportunity to challenge the subpoena/process.

19.     If documents or information subject to a claim of the self-critical analysis privilege, attorney-client privilege, the work product doctrine, the joint-defense privilege/doctrine or other applicable privileges or doctrines, and/or any other statutory or common law privilege or protection are/is inadvertently or mistakenly produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege for such information. If the Disclosing Party has inadvertently or mistakenly produced information subject to a claim of attorney-client privilege, the attorney work product doctrine or any other privilege or doctrine, upon written request made by the Disclosing Party, the information for which a claim of inadvertent production is made, including all copies, shall be returned within seven (7) business days of such request unless the Receiving Party intends to challenge the Disclosing Party's assertion of privilege or immunity.  All copies of inadvertently or mistakenly produced documents or information shall also be returned, as well as any document, material or information reflecting the contents of the inadvertently produced information.  If a Receiving Party objects to the return of such information within the seven (7) business day period described above, the Disclosing Party may move the Court for an order

STECKBAUER WEINHART, LLP
333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL: 213.229.2868 • FAX 213.229.2870

compelling the return of such information.  Pending the ruling, the Receiving Party may retain the inadvertently or mistakenly produced documents in a sealed envelope and shall not make any use of such information without a prior court order.

20.    This Protective Order shall survive the final termination of this action. All disputes arising after the conclusion of this action concerning the treatment of documents designated as containing Confidential Information, the Confidential Information contained therein, and access to the executed Certifications and Exhibits shall be heard by the Superior Court of California, County of Los Angeles.

Dated:  March 24, 2016

Respectfully submitted,
**STECKBAUER WEINHART, LLP**

By:    /s/ John C. Holmes
Attorneys for Defendant UNITED STATES FIRE INSURANCE COMPANY

Dated:  March 24, 2016

**MONCRIEF & HART, PC**

By:    /s/ Dennis Lewis
Attorneys for Plaintiff, BOB CAMPBELL RANCHES, INC.

## ORDER

Having considered the foregoing stipulation and good cause appearing therefore:

IT IS SO ORDERED.

DATED: MARCH 28, 2016

UNITED STATES DISTRICT JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

STECKBAUER WEINHART, LLP
333 S. Hope Street, 36th Floor, Los Angeles, California 90071
Tel. 213.229.2868 • Fax 213.229.2870

**EXHIBIT "A"**

**CERTIFICATION AS TO COMPLIANCE WITH PROTECTIVE ORDER**

The person signing this Certification As To Compliance With Protective Order stipulates and agrees that he/she has received and read the entire Protective Order entered into by the parties in this matter, is bound by each and every term of the Protective Order, and consents to personal and subject matter jurisdiction of the United States District Court of California, Central District of California, for the purpose of enforcing the Court's Order in the event the person signing this Stipulation re: Protective Order violates any of the terms of the Protected Order.

Dated:_____         _____

10201.001/111040.1

1

**EXHIBIT "B"**

2

3   Name

4   Address

5   Address

6

7       Re:    Bob Campbell Ranches, Inc. v. United States Fire Insurance Company,

8   et al., United States District Court, Case No.: 2:15-cv-9118-R-GJS

9

10  Dear Mr./Ms.:

11       A lawsuit is currently pending between your employer/former employer Bob

12  Campbell Ranches, Inc. ("BCR"), and its workers' compensation insurer.  BCR

13  contends, among other things, that its insurer improperly handled  certain workers'

14  compensation claims made by its employees, which allegedly resulted in BCR

15  paying higher workers' compensation insurance premiums.  As part of the lawsuit,

16  BCR's attorney seeks to review the insurer's claim file pertaining to your workers'

17  compensation claim, including all medical information in that file.  Your medical

18  information will not be given to BCR and will only be provided to BCR's attorneys

19  and experts, unless you receive further notice that the parties intend to disclose your

20  medical information to BCR.  This review will not affect you or your claim, but is

21  part of a dispute between BCR and its insurers.

22

23       You have a right of privacy under California law, particularly regarding your

24  medical information.  In the event of disclosure, only BCR's outside counsel and

25  experts will have access to your medical information.  Your employer or former

26  employer, BCR, <u>may seek</u> access to that information, however it must provide you

27  with Notice and fifteen (15) days to object.  In any outcome, your medical

28  information <u>will not</u> be made public.

1

2        This notice is provided to you so that you may decide whether to assert your

3 privacy right by objecting to disclosure of the medical information contained in the

4 claim file relating to your claim to BCR's outside counsel and experts, subject to

5 Court-Ordered protections.  If you object to the disclosure of the medical

6 information contained in your claim file to BCR's outside counsel and experts,

7 within fifteen (15) days of this Notice, you must file an objection with Courtroom 8

8 of the United States District Court of California, Central District, located at 312 N.

9 Spring St., #G-8, Los Angeles, CA 90012, and also notify the undersigned in writing

10 of your objection, including the basis for your objection.

11

12        If you do not notify the Court and the undersigned of your objection and the

13 basis for your objection within fifteen (15) days of the date of this Notice, your

14 medical information will be produced without further notice to you and without

15 further Court Order, but still subject to the Court-Ordered privacy protections

16 described above.  If you assert an objection and it is sustained by the Court, the

17 medical information for which disclosure is permitted under Labor Code §3762 will

18 still be produced.

19

20        If you have any questions about this Notice, you may wish to consult an

21 attorney.

22

23

24

25

26

27

28

STECKBAUER WEINHART, LLP
333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL. 213.229.2868 • FAX 213.229.2870

1
2

**EXHIBIT "C"**

**CERTIFICATION OF DESTRUCTION OR RETURN**

3
4

The person signing this Certification of Destruction Or Return stipulates and agrees that he/she has destroyed or returned all documents and materials that he/she has received designated as containing Confidential Information to the party from whom he/she received such documents or materials or such party's counsel of record in the above entitled proceedings; has not retained any photocopies, photographs or other duplicates of any documents or materials he/she received designated as containing Confidential Information; has not further distributed any documents or materials he/she received designated as containing Confidential Information; and consents to personal and subject matter jurisdiction of the United States District Court of California, Central District of California, for the purpose of enforcing the Court's Order in the event the person signing this Stipulation re: Protective Order violates any of the terms of the Protected Order.

Dated:_____         _____

**EXHIBIT "D"**

Name

Address

Address

      Re:    Bob Campbell Ranches, Inc. v. United States Fire Insurance Company, et al., United States District Court, Case No.: 2:15-cv-9118-R-GJS

Dear Mr./Ms.:

      A lawsuit is currently pending between your employer/former employer Bob Campbell Ranches, Inc. ("BCR"), and its workers' compensation insurer.  BCR contends, among other things, that its insurer improperly handled certain workers' compensation claims made by its employees, which allegedly resulted in BCR paying higher workers' compensation insurance premiums.  As part of the lawsuit, BCR's attorney seeks to disclose your medical information contained within the claim file pertaining to your workers' compensation claim to a BCR representative or employee.

      You have a right of privacy under California law, particularly regarding your medical information.  This Notice is provided to you so that you may decide whether to object to the disclosure of your medical information contained in the claim file relating to your claim to a representative or employee of BCR.

      If you object to the disclosure of the medical information contained in your claim file to BCR's representative or employee, within fifteen (15) days of this Notice, you must file an objection with Courtroom 8 of the United States District

1  Court, Central District of California, located at 312 N. Spring St., #G-8, Los

2  Angeles, CA 90012, and also notify the undersigned in writing of your objection,

3  including the basis for your objection.

4

5       If you do not notify the Court and the undersigned of your objection and the

6  basis for your objection within fifteen (15) days of the date of this Notice, your

7  medical information will be disclosed without further notice to you and without

8  further Court Order, but still subject to the Court-Ordered privacy protections.

9

10       If you have any questions about this Notice, you may wish to consult an

11  attorney.

STECKBAUER WEINHART, LLP
333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL. 213.229.2868 • FAX 213.229.2870